IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 05-cv-02168-WDM-BNB

JANIS NEHLS,

      Plaintiff,

v.

FARMERS ALLIANCE MUTUAL INSURANCE COMPANY, a Kansas corporation

      Defendant.

---

## ORDER ON MOTION FOR SUMMARY JUDGMENT

---

Miller, J.

This matter is before me on Defendant Farmers Alliance Mutual Insurance Company's (Farmers) motion for summary judgment, filed December 29, 2005.  I have reviewed the parties' written arguments and summary judgment evidence and find that oral argument is not required.  For the reasons that follow, Farmers motion will be granted.

Background[1]

On October 7, 1997, Plaintiff Janis Nehls (Nehls) was injured in a motor vehicle accident.  At the time, she was covered by an automobile insurance policy issued by Farmers.  On its face, this policy merely provided for the basic personal injury protection (PIP) coverages required by Colorado law at the time.  According to Nehls,

---

[1] Unless otherwise noted, the background facts, drawn from the parties' various filings and supporting evidence, appear to be undisputed.

when she purchased her policy, Farmers never offered her additional personal injury protection options, as they were required to do by law.

As a result, on October 5, 2005, Nehls initiated this action against Farmers, alleging four claims that all stem from Farmers' alleged failure to offer her additional PIP coverages.  In response, Farmers moves for summary judgment claiming that the statute of limitations bars all of Nehls's claims.

## Standard of Review

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.  A factual issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying 'a lack of evidence for the nonmovant on an essential element of the nonmovant's claim.'" *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quoting *Adler v. Wal-Mart Stores*, Inc., 144 F.3d 664, 671 (10th Cir. 1998)).  Then, "[t]o avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case."  *Id.*

## Discussion

Much of this case is undisputed.  The parties agree that Colorado law governs this case, and that under the now-repealed Colorado Auto Accident Reparations Act

(CAARA), Farmers was required to offer Nehls the option of purchasing a policy with additional PIP coverages. Colo. Rev. Stat. § 10-4-710 (1997). In addition, the parties agree that a failure to make such an offer would entitle Nehls to reformation such that additional PIP coverages would be incorporated into the policy. *See Thompson v. Budget Rent-A-Car Sys., Inc.*, 940 P.2d 987, 990 (Colo. Ct. App. 1996). Finally, the parties agree that a three-year statute of limitations applies to Nehls's current claims. *Nelson v. State Farm Mut. Auto. Ins. Co.*, 419 F.3d 1117, 1120-21 (10th Cir. 2005).

However, the parties disagree about the statute's application. According to Farmers, Nehls's claims are time-barred because her claims accrued, at the latest, on August 31, 1998, when it sent her a "final" PIP wage-loss payment. In response, Nehls argues that her claims did not accrue until December 2004, when she first hired her legal counsel in this matter, or alternatively, that the statute of limitations should be equitably tolled until that time.

As for the accrual date, I agree with Farmers. Nehls's claims first accrued on the date that she either knew or should have known that Farmers had not offered her additional PIP coverages. *Nelson*, 419 F.3d at 1121. In this case, that would be no later than the date Nehls received her final wage-loss payment. *Id.; see also Ormiston v. Nelson*, 117 F.3d 69, 72 n.5 (2d Cir. 1997) ("Mere ignorance of the law is, of course, insufficient to delay the accrual of the statute of limitations.").

Equitable tolling, however, presents a more difficult issue. Colorado courts have recognized the principle that "equity will toll a statute of limitations if a party fails to make a legally required disclosure and the other party is prejudiced as a result. *Shell*

*W. E&P v. Dolores County Bd. of Comm'rs*, 948 P.2d 1002, 1007 (1997).  Therefore, in cases similar to this one, a few lower courts have found that an insurance company's failure to offer additional PIP coverages can justify equitable tolling.  *Kavka v. State Farm Mut. Auto. Ins. Co.*, No. 04-N-483, slip op. (D. Colo. Dec. 10, 2004); *Murray v. Atlanta Cas. Co.*, No. 2005CV8721, slip op. (Colo. Dist. Ct., 2d J.D., Jan. 3, 2006); *Thomas v. State Farm Ins. Cos.*, No. 04 CV 653 Div. 5, slip op. (Colo. Dist. Ct., 20th J.D., Feb. 15, 2005).

However, I conclude that the Tenth Circuit's recent decision in *Nelson*, if not controlling, at least suggests that equitable tolling does not apply in this case.  The *Nelson* court assumed, as I do in this case, that proper notice of additional PIP coverages was not given, but nonetheless ruled that the plaintiff's claims were not timely.  And although the court did not specifically address equitable tolling, it rejected a laches argument — also an equitable concept — and arguments regarding the continuation of other, non-wage-loss payments — also factors in our case.

Further, cases of equitable tolling concern the non-disclosure of facts giving rise to claims, rather then the non-disclosure of the law.  *See Garrett v. Arrowhead Improvement Assoc.*, 826 P.2d 850, 854 (Colo. 1992); *Strader v. Beneficial Fin. Co.*, 551 P.2d 720 (Colo. 1976).  Applying equitable tolling in this case would clash with the basic principle that individuals are presumed to know the law.  *See Lobato v. Indus. Claim Appeals Office*, 105 P.3d 220, 228 (Colo. 2005); *Harrison v. Pinnacol Assurance*, 107 P.3d 969, 972 (Colo. Ct. App. 2004) ("The discovery rule generally involves an inquiry into when the party bringing the action acquired knowledge of or should have

4

reasonably discovered the essential facts, rather than the applicable legal theory."); *Redmond v. Chains, Inc.*, 996 P.2d 759, 764 (Colo. Ct. App. 2000) (holding that equitable tolling was not justified by employer's failure to post legally-required posters that informed employees of wage laws); *Merrill v. W. Va. Dep't of Health & Human Res.*, 632 S.E.2d 307, 313-14 (W. Va. 2006) (citing cases).

In addition, even if equitable tolling is possible in a claim like this, it is Nehls's burden to show that it is appropriate in her case. *Garrett*, 826 P.2d at 854. She has not done so here. Diligence is a fundamental equitable consideration, *see e.g.*, *Vistamar, Inc. v. Fagundo-Fagundo*, 430 F.3d 66, 72 (1st Cir. 2005), and in this case Nehls has not produced any evidence of diligence for a period of over six years between the date she received her last wage-loss payment and the date she first obtained legal counsel. Equity will not toll the statute of limitations indefinitely while a plaintiff decides whether or not to seek legal counsel. *See Booker v. Ward*, 94 F.3d 1052, 1057 (7th Cir. 1996) ("[e]quitable tolling does not give a plaintiff an automatic extension of indefinite duration, no matter how much his carelessness or sloth may have contributed to the delay . . . . Instead, it gives the plaintiff only the extra time that he needs, despite all due diligence on his part, to file his claim.") (internal quotations omitted). There is no evidence to explain Nehls's lengthy delay or indicate her diligence. In essence, she seeks an unlimited extension of the statute of limitations. In sum, I conclude that Nehls has not met her burden in equity and summary judgment on the tolling issue is appropriate in this case.

Accordingly, it is ordered:

1.     Defendant's motion for summary judgment, filed December 29, 2005 (Docket No.

       9), is granted.

2.     This case is dismissed.

3.     Defendant may have its costs.

       DATED at Denver, Colorado, on September 29, 2006.

                                          BY THE COURT:


                                          s/ Walker D. Miller
                                          United States District Judge